## THE STATE v. JOHN McCORD, Appellant.

**Division Two, November 14, 1911.**

1. **EVIDENCE: Objections: Reasons Given.** Objection was made to the proof of certain admissions of appellant on the ground that "he was in the custody of an officer." The reason given would not of itself have warranted the court in sustaining the objection, and the Supreme Court cannot, in fairness to the trial court, hold rulings on objections to evidence erroneous for reasons other than those given at the time.

2. ———: **Sufficiency to Support Verdict.** The appellant was convited of ravishing his stepdaughter, a six-year-old child. The evidence is. reviewed by the Supreme Court and held sufficient to prove the *corpus delicti* and to warrant the verdict. It is only in cases in which there is no substantial evidence of guilt that this court interferes on the ground of lack of evidence.

3. **INSTRUCTIONS: Circumstantial Evidence Admission of Guilt.** The instructions in this case, considered together, fully and fairly informed the jury of the law of the case, and nothing further can reasonably be required. Since there was evidence that defendant had admitted his guilt, the refusal of the trial court to instruct on circumstantial evidence is not open to criticism.

State v. McCord.

4. **ARGUMENT: Remarks of Prosecuting Attorney: Defendant's Failure to Call Corroborating Witnesses.** The defendant was convicted of having ravished his stepdaughter, and the State introduced evidence tending to show unreasonable delay on his part in calling a physician after the time when, according to his statement, he discovered the child's condition. In contradicting this evidence, the defendant testified that he attempted to secure a physician soon after discovering his stepdaughter's condition, but meanwhile he disclosed that, if his testimony was true, disinterested persons must have known of that attempt. His failure to call these persons as witnesses to corroborate his own testimony was referred to in the argument by the prosecuting attorney. So far as the record shows, the prosecuting attorney merely called these facts to the jury's attention and left it to them to draw whatever inferences they saw fit. This, it is held, was no transgression of legitimate bounds.

Appeal from Greene Circuit Court.—*Hon. C. H. Skinker*, Special Judge.

AFFIRMED.

*Elliott W. Major*, Attorney General, and *John M. Dawson*, Assistant Attorney-General, for the State.

(1) The exception as to the conversation of appellant with a policeman, to whom he had admitted the commission of the act, for the reason that appellant was under arrest and in the custody of an officer at the time, is not well taken. There were no threats nor duress used in order to elicit the admission from appellant. State v. Daly, 210 Mo. 676. (2) Instruction 2 upon circumstantial evidence was properly refused. It is only where the State relies upon circumstantial evidence alone that an instruction on such evidence should be given. State v. Crone, 209 Mo. 316; State v. Salmon, 216 Mo. 466; State v. Nerzinger, 220 Mo. 36. (3) Appellant complains that the court failed to reprimand the prosecuting attorney for the following argument: "Why didn't the defendant bring in the fruit stand man, the telephone boy at the doctor's office and the doctor's wife,

and show that he telephoned for the doctor?" The attorney was not outside of the record in this argument. Appellant testified that he went to the fruit stand and telephoned for the doctor; also, that the 'phone was answered at the doctor's home, as well as at the office on Sunday in the afternoon. No error can be predicated on this argument. State v. McMullen, 191 Mo. 174; State v. Evans, 124 Mo. 397; State v. Barrington, 198 Mo. 92; State v. Sublett, 191 Mo. 174; State v. Allen, 174 Mo. 698; State v. Hyland, 144 Mo. 313. (4)  The jury settled the conflict in the evidence under proper instructions given by the court, and this court will not interfere where there is substantial evidence to support the verdict. State v. McCullough, 171 Mo. 574; State v. McGuire, 193 Mo. 227; State v. Williams, 199 Mo. 137; State v. Matthews, 202 Mo. 147.

BLAIR, C.—Convicted of ravishing his step-daughter, a six-year-old child, John McCord appealed to this court.

The evidence was to the effect that Dr. Kerr, a physician, called to the home of appellant on the afternoon of October 16, 1910, examined the child, and according to his testimony and that of Dr. Lemmon, who was subsequently called in, the "vagina was torn throughout its whole length, clear into the womb, but not into the rectum except for the first inch."

The child was then in great agony and Dr. Kerr was the first physician called to attend her, though the injuries had the appearance of having been inflicted some fourteen to sixteen hours before he arrived. There had been much loss of blood. Appellant was not at home while the physician was there. Expert testimony disclosed that the child's condition could have resulted from ravishment and she made complaint that it was so brought about. The victim, her mother and appellant were the only occupants of the house at the time the offense was committed, and it was shown that the latter had been drinking "considerably" (as

he himself testified) on the night of the 15th, so much so that his wife removed his shoes and clothing for him in order that he might retire.

When he was arrested and (apparently before being apprised of the charge against him) asked what he had to say, appellant replied: "I am not guilty, but there is no use to talk to you people." As he was being taken to jail immediately after his arrest, one of the officers in whose charge he was, speaking of the case in hand, said to him: "Your wife stayed with you a long time." Appellant replied: "I have got the best woman in the world; I ought to have died when I was a baby." The officer then said: "John, this is an awful thing, what did you do it for?" Appellant answered: "I was drunk and had no mind at all; I don't know what I done it for."

Appellant, in his own behalf, testified, in substance, that he knew nothing of the matter until the child's condition was discovered by its mother some time after eight o'clock on the morning of October 16th; that he attempted to call Dr. Purselly by telephone and failed to reach him and then went about his work; that he thought the child had been criminally assaulted but did not notify the authorities, intending to find the offender himself.

There was also evidence that appellant had been convicted of selling whiskey and that his reputation for truth and veracity was bad. His wife did not testify.

I.   Objection was made to the proof of certain admissions of appellant on the ground that "he was in the custody of an officer." The reason given in the objection would not of itself have warranted the court in ruling otherwise than it did (State v. Armstrong, 203 Mo. l. c. 559; State v. Barrington, 198 Mo. l. c. 109, 110), and we cannot, in fairness to the trial court, hold rulings on objections to evidence erroneous for reasons other than those given at the time.

II.   The sufficiency of the evidence is challenged.

The condition of the child, considered in connection with the expert testimony as to its cause, the direct testimony of appellant that, in his opinion, the child had been ravished, coupled with the inherent improbability that her injuries could have been otherwise produced under the circumstances disclosed, constituted sufficient proof of the *corpus delicti* to satisfy the rule (State v. Patterson, 73 Mo. l. c. 713; State v. Coats, 174 Mo. l. c. 417; State v. Crabtree, 170 Mo. l. c. 650; State v. Wooley, 215 Mo. l. c. 671; Wharton on Crim. Evidence [9 Ed.] secs. 324, 325; Wigmore on Evidence, secs. 2072, 2073), and appellant's admission of guilt, considered together with the fact that there was no evidence tending to show the presence of any person of his sex, other than himself, in the house when the offense was committed and together with his remarkable conduct in failing to call promptly a physician and notify the authorities after discovering that his stepdaughter had been ravished, indicated appellant's guilty agency with sufficient certainty to warrant the verdict, there being ample evidence that the little girl was but six years old.   It is only in cases in which there is no substantial evidence of guilt that this court interferes on the ground of lack of evidence.   This case is not of that kind.

III.   The instructions, though excepted to, need not be set out here.   The first required the jury to find every substantive fact charged in the information and declared by the statute (secs. 4471, 5237, R. S. 1909) to constitute the offense and was consequently unobjectionable.   [State v. Miller, 93 Mo. l. c. 268, 269; State v. Cronin, 189 Mo. l. c. 670.]

The instruction as to the weight to be given verbal statements of appellant is a rescript of one approved in State v. Tobie, 141 Mo. l. c. 561, and subsequent cases, coupled with a cautionary instruction suggested

in State v. Glahn, 97 Mo. 1. c. 693.  The court also gave instructions as to the credibility of the witnesses, the credit to be given appellant's testimony, the presumption of innocence and reasonable doubt and an instruction limiting the effect of the evidence of former convictions, all in form many times approved.

Appellant requested and the court refused to give an additional instruction on reasonable doubt substantially in the form of that given for the defendant in State v. Talbott, 73 Mo. 1. c. 354.  The identical question presented by the refusal of the instruction mentioned was settled against appellant in the case of State v. Wooley, 215 Mo. 1. c. 680, 681.

In view of the fact that there was evidence that appellant had admitted his guilt, the action of the trial court in refusing to instruct on circumstantial evidence is not open to criticism.  [State v. Armstrong, 167 Mo. 1. c. 268, 269; State v. Robinson, 117 Mo. 1. c. 663.]

The instructions, considered together, fully and fairly informed the jury as to the law of the case, and nothing further can reasonably be required.

IV.   In contradiction of the State's evidence tending to show an unreasonable delay in summoning a physician, appellant testified that he attempted to secure one soon after discovering his stepdaughter's condition, and disclosed that, if his testimony in that respect was true, disinterested persons must have known of that attempt.  His failure to call these persons as witnesses to corroborate his own testimony was referred to in the argument by the prosecuting attorney.  So far as the record shows, the prosecuting attorney merely called these facts to the jury's attention and left it to them to draw whatever inferences they saw fit.  This was no transgression of legitimate bounds.  [State v. Emory, 79 Mo. 1. c. 463; State v. Parker, 172 Mo. 1. c. 204.]

V.   Exceptions were saved to other rulings, but in such cases either no proper foundation for review was laid or the rulings were so patently correct that discussion of them is unnecessary.

We have carefully examined the record and find no error which would warrant reversal.   The judgment is affirmed.   *Roy, C.,* concurs.

PER CURIAM.—The foregoing opinion of BLAIR, C., is adopted as the opinion of the court.