KANSAS CITY, Missouri, a Municipal Corporation, Plaintiff-Respondent,

v.

Mike BONDON, Defendant-Appellant.

No. 22935.

Kansas City Court of Appeals.

Missouri.

Oct. 5, 1959.

W. R. Hedrick, William Costello, Kansas City, for appellant.

Benjamin M. Powers, Robert B. Wurdack, Kansas City, for respondent.

BROADDUS, Judge.

This case involves the alleged violation of an ordinance of Kansas City, Missouri.

On December 29, 1957, the plaintiff, Kansas City, Missouri, filed an information in the Municipal Court of Kansas City alleging "That on or about the 11th day of December, A. D. 1957, within the corporate limits of Kansas City, and in and upon the premises located at 22 East 5th Street, one Mike Bondon did then and there unlawfully sell, have in possession and on display, cigarettes through a vending machine without having affixed to the container thereof, tax stamps or tax meter empressions evidencing payment of the city cigarette tax.

"All in violation of Sections 13.050 & 13.-060 of the Revised Ordinances of 1956 of Kansas City, Mo."

Upon a trial in the Municipal Court defendant Bondon was found guilty and his punishment fixed at a fine of $25 and costs. He appealed to the Circuit Court at Kansas City. In the latter court, on May 5, 1958, a trial was had before a jury resulting in a verdict finding defendant guilty and assessing his punishment at a fine of $10. From the judgment based upon that verdict, defendant duly perfected his appeal to this court.

Prior to the trial in the Circuit Court, and on April 10, 1958, the court granted leave to plaintiff City to amend the information by striking out the figures "13.-050", thus charging defendant only with the violation of Sect. 13.060 of the Re-

vised Ordinances of 1956. Said section 13.060 provides that: "It shall be unlawful for any person to sell and dispense through a vending machine any cigarettes upon which the tax has not been paid and the payment evidenced on the container thereof." The penalty for a violation of said ordinance is a fine of "not less than $10 or more than $500."

The evidence on behalf of the City shows that defendant owned a cigarette vending machine which he had placed in a business establishment located at 22 East 5th Street, in Kansas City, Missouri. On December 11, 1957, D. J. Rynard, an inspector for the City Revenue Division, went to the premises where defendant's vending machine was located. Upon looking at the machine, Inspector Rynard saw that one entire column of king size Chesterfield cigarettes was turned around with the tops of the packages facing outward. He testified that "all of the rest of the columns in the machine were turned around facing out with the proper cigarette tax stamps on them." He also stated that the tax stamps are invariably placed on the bottoms of the packages, and the packages are then placed in the machine with the bottoms facing outward so that the tax stamps can readily be seen through the glass in the front of the machine. Inspector Rynard, being unable to determine whether these cigarettes in the column which was "turned around" were properly stamped, then bought one package by inserting a quarter in the machine in the usual manner. The package purchased bore a state stamp, but not the City stamp as required by the ordinance. Two police officers of the City went with Inspector Rynard to the 5th Street address and his testimony was corroborated by those officers.

Defendant's first contention is that the information is void and that the court should have sustained his motion to quash. The information describes the act complained of in the language of the ordinance and is, therefore, sufficient to sustain a conviction. City of Springfield v. Stevens, 358 Mo. 699, 216 S.W.2d 450, 453; City of St. Louis v. Weitzel, 130 Mo. 600, (Syl. 2), 31 S.W. 1045.

Defendant's next contention is that his motion for a directed verdict of acquittal should have been sustained by the trial court. In considering this question, in view of the jury's verdict, we must interpret the evidence in the light most favorable to the City. City of St. Louis v. Diechman, Mo.App., 135 S.W.2d 6, 9; City of St. Louis v. Judd, Mo.App., 193 S.W.2d 917, 918. We have set out the testimony of Inspector Rynard. His testimony, if believed by the jury, was amply sufficient to sustain a finding that defendant had violated the ordinance here involved.

Defendant's last complaint relates to Instruction No. 1, given on behalf of the City. The instruction reads as follows:

"The Court instructs the jury that if you find and believe from the evidence beyond a reasonable doubt, that on the 11th day of December, 1957, at 22 East 5th Street, Kansas City, Missouri, the defendant did sell and dispense through a vending machine any cigarettes upon which the tax had not been paid and the payment thereof evidenced on the containers of said cigarettes, then you shall find the defendant guilty and assess his punishment at not less than Ten ($10.00) Dollars, and not more than Five Hundred ($500.00) Dollars."

As is to be seen the instruction follows the language of the ordinance. Thus it is sufficient. The State v. Miller, 93 Mo. 263, syl. 4, 6 S.W. 57; State v. McCord, 237 Mo. 242, 246, 140 S.W. 885.

The transcript discloses that the trial court fully instructed the jury upon all questions of law arising in the case. No complaint is made in the motion for new trial or here that the court committed any

error either in the admission or in the rejection of testimony. The case was well tried, and the judgment should be affirmed. It is so ordered.

All concur.