STATE of Missouri, Respondent,

v.

Earl Vandyne WORLEY, Appellant

No. 49881.

Supreme Court of Missouri,

Division No. 1.

Feb. 10, 1964.

Richard L. Daly, St. Louis, for appellant.

Thomas F. Eagleton, Atty. Gen., James J. Murphy, Asst. Atty. Gen., Jefferson City, for respondent.

WELBORN, Commissioner.

By information in the St. Louis Circuit Court, appellant Earl Vandyne Worley was charged as an habitual criminal (Section 556.280, RSMo 1959, V.A.M.S.) with illegal possession or control of marijuana, in violation of Section 195.020, RSMo 1959, V.A.M.S. A jury found him guilty of the offense charged and the trial court found that appellant had been previously convicted of two felonies, not involving the narcotics laws. The trial court fixed appellant's punishment at imprisonment for ten years. This appeal is from such judgment and sentence.

On the trial, the state's evidence showed that, near 10:00 P.M., on March 10, 1962, Detectives Frederick Abernathy and Isaiah Brown of the St. Louis Metropolitan Police Department, while driving in a police car north on Union Boulevard, noticed a man duck behind a Chevrolet sedan on a restaurant parking lot at 1122 North Union Boulevard. The man's actions caused the officers to stop. Both got out of the police car. Abernathy, as he did so, noticed that the man got in the back seat of the Chevrolet, on the left side. The officers approached the car from the right side and, at their direction, five occupants emerged from it, all on the right side. The last man to emerge was the person whose activity had originally attracted the officers' attention.

The officers inquired of the men concerning their activities. While they were doing so, Abernathy noticed a small brown paper package on the floor in the rear of the Chevrolet, on the right side. Abernathy picked up the package and asked to whom it belonged. The man who had ducked behind the car and who was the last to emerge from it said that it was his. This man was the appellant. According to the officers, appellant stated that "he smoked a little pot (marijuana) and drank a little beer occasionally." He told the officers that he had purchased the contents of the package earlier that evening from a fellow he did not know. Worley was placed under arrest. The package and its contents were delivered to the police laboratory. Examination of the package at the laboratory revealed that it contained "dried leaf particles of the plant Cannabis Sativa, otherwise known as marijuana."

The appellant presented no evidence.

On this appeal, appellant's first contention is that the trial court erred in overruling his objection to the testimony of the police officers to the statements of the appellant at the time of his arrest. The contention is that the state's evidence, independent of the appellant's admissions, was insufficient to establish the corpus delicti and that, therefore, the statements should not have been received in evidence.

The rule relied upon by appellant is stated in City of St. Louis v. Watters, Mo.App.,

289 S.W.2d 444, 446, as follows: "It is established law in Missouri that when the corpus delicti has not been sufficiently proven, an uncorroborated extrajudicial confession of guilt cannot be regarded as evidence tending to show guilt." See also State v. Haun, Mo.Sup., 324 S.W.2d 679, 681(1); State v. McCord, 237 Mo. 242, 246, 140 S.W. 885, 886(3–5); State v. Kollenborn, Mo.Sup., 304 S.W.2d 855, 858(3–6). Appellant's position is that, since the offense charged was illegal possession of marijuana, proof of the corpus delicti required proof that the drug was illegally possessed and that its mere presence on the floor of the car did not establish its "possession." Therefore, appellant argues, testimony should not have been received that appellant admitted that the package was his.

■ "In this state the corpus delicti has never been construed to require or consist of more than these two elements: (1) Proof, direct or circumstantial, that the specific loss or injury charged occurred; (2) someone's criminality as the cause of the loss or injury. Or tersely, (1) the act; (2) the criminal agency of the act (other than the accused's confession)." State v. Hawkins, Mo.Sup., 165 S.W.2d 644, 646. See also State v. Price, 361 Mo. 1034, 238 S.W.2d 397, 399; State v. Hardy, 365 Mo. 107, 276 S.W.2d 90, 92 (2–5). The essentials of the corpus delicti in this case would be supplied by evidence of the presence of the illegal drug in such circumstances as would warrant the conclusion that it had been in the possession of some person. The circumstances of the location of the drug at the time of its discovery, its packaging and the proximity of persons to the drug at that time are sufficient to warrant, in this case, the inference of possession for purpose of the corpus delicti. Such evidence in this case was sufficient to establish the corpus delicti and to make the appellant's statements admissible.

■ The appellant urges that proof of the corpus delicti should require proof of the criminal agency of the defendant, and not merely criminal agency generally. The appellant acknowledges that, in State v. Hardy, 365 Mo. 107, 276 S.W.2d 90, this court expressly corrected statements in State v. Humphrey, 358 Mo. 904, 217 S.W.2d 551, and State v. Emerson, 318 Mo. 633, 1 S.W.2d 109, which appeared to make criminal agency of the defendant an element of the corpus delicti. See also State v. Price, 361 Mo. 1034, 238 S.W.2d 397, 399, likewise correcting such statement. As has been pointed out, requirement of proof of the criminal agency of the defendant requires proof of the entire charge in order to establish the corpus delicti. 23 C.J.S. Criminal Law § 916(1), page 626. Such requirement is inconsistent with the theory of the corpus delicti, which is, in essence, "the fact that a crime actually has been committed." 23 C.J.S. Criminal Law § 916 (1), page 623. State v. Sinovich, 329 Mo. 909, 46 S.W.2d 877, 881. We are not persuaded by appellant's argument that we should require proof of the criminal agency of the defendant before admitting his confession in order to avoid the possibility of conviction of persons who, for various reasons, confess to crimes not actually committed by them.

■ The appellant's second ground for reversal of the conviction is that, even with the statements of appellant, there was not sufficient evidence from which the jury might find appellant guilty. The appellant argues that, while his statements admitted his ownership of the contents of the package, they showed no custody, control or management, which, according to appellant, are necessary elements of possession. However, the fact of appellant's possession, as with the elements of any criminal charge, could be established by circumstantial evidence. The appellant's proximity to the place where the package was discovered, his opportunity to have placed it there and his admission that it was his, having been acquired by him earlier in the evening, would be sufficient evidence from which to conclude that appellant had previously had actual physical possession of the drug.

Furthermore, in order to establish a violation of Section 195.020, the evidence need not show actual physical possession on the part of the defendant. The illegal possession may be constructive. State v. Edwards, Mo.Sup., 317 S.W.2d 441, 447 (7); State v. Caffey, Mo.Sup., 365 S.W.2d 607. From the evidence the jury could have concluded that, at the time of its discovery, the package was in the constructive possession of the appellant. He admitted its ownership. There was no disclaimer of intention on his part to maintain his right to control the package and its contents. Nor would the fact that, in the officers' testimony, the past tense was employed, i. e., that the package *"was* his," indicate that the appellant had abandoned his right to control of the package. We, therefore, conclude that the evidence was sufficient to sustain a verdict of guilty.

Appellant's third objection to the judgment below relates to the failure of the state to negative by its evidence that the appellant's possession of the marijuana was within one of the exemptions from, or exceptions to, the application of Sections 195.010 to 195.210, RSMo 1959, V.A.M.S. In this connection, appellant attacks the constitutionality of Section 195.180, which purports to relieve the state of the burden of negativing any "exception, excuse, proviso, or exemption, contained in this law" and to place the burden of proof of such matter upon the defendant.

The respondent suggests that these matters are not properly before this court for review because they were not mentioned in appellant's motion for new trial. Our practice requires that the defendant in a criminal proceeding set out "in detail and with particularity" in his motion for new trial alleged errors on the part of the trial court. Supreme Court Rule 27.20, V.A.M.R. Compliance with this requirement is essential to the preservation of questions for review by this court. Having failed to assert the matters here relied on in his motion for new trial, the question has not been preserved for review. State v. Demaree, Mo.Sup., 362 S.W.2d 500, 505; State v. Miller, Mo.Sup., 360 S.W.2d 633, 636.

Furthermore, appellant's contention with regard to the unconstitutionality of Section 195.180 is raised for the first time in his brief in this court. "Constitutional questions must be raised at the earliest opportunity consistent with good pleading and orderly procedure * * *." State v. Brookshire, Mo.Sup., 325 S.W.2d 497, 500. Failure to raise the constitutional question in the trial court precludes our consideration of it here. State v. Lofton, Mo.Sup., 1 S.W.2d 830, 832(2, 3); State v. Gibson, Mo.Sup., 300 S.W. 1106, 1107(5, 6).

We have examined the matters of record specified by Supreme Court Rule 28.02. The information charges the offense generally in the language of the statute (Section 195.020). It charges unlawful possession *or* control. In State v. Virdure, Mo.Sup., 371 S.W.2d 196, an information charging these matters disjunctively was held sufficient. We conclude that the information in this case is, likewise, sufficient. The verdict is responsive to the charge in the information. The trial court, having found that appellant had twice been convicted of felonies, not involving narcotics laws, sentenced appellant to a term of imprisonment within the limits prescribed by Section 195.200, RSMo 1959, V.A.M.S. The appellant was accorded allocution and judgment duly entered.

Finding no error in the proceedings in the trial court, the judgment is affirmed.

COIL and HOUSER, CC., concur.

PER CURIAM.

The foregoing opinion by WELBORN, C., is adopted as the opinion of the Court.

All of the Judges concur.