**STATE of Missouri, Respondent,**

v.

**Sami UKA, Appellant.**

No. ED 76870.

Missouri Court of Appeals, Eastern District, Division Two.

Aug. 22, 2000.

Richard H. Sindel, Clayton, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Linda Lemke, Asst. Atty. Gen., Jefferson City, for respondent.

CLIFFORD H. AHRENS, Presiding Judge.

Sami Uka ("Defendant") appeals from the judgment on a conviction by the

Circuit Court of the City of St. Louis after a jury verdict finding him guilty of one count of the unlawful use of a weapon, section 571.030 RSMo (Supp.1999), and one count of harassment, section 565.090 RSMo (1994). Defendant received a sentence of six months' imprisonment on the harassment count and a suspended imposition of sentence with three years probation on the unlawful use of a weapon count. A defendant may not appeal from a conviction where there is a suspended imposition of sentence. *State v. Hanners,* 827 S.W.2d 273, 274 (Mo.App.1992). Therefore, we dismiss defendant's appeal on the count of unlawful use of a weapon. As to the remaining appeal, defendant claims the trial court erred in admitting evidence of defendant's prior bad conduct toward victim and in refusing to admit photographic evidence that victim suffered no mistreatment at the hands of defendant. We affirm.

Shipqe Rexha ("victim") came to the United States from Albania in early 1995 to live and work with defendant, her brother-in-law, and her sister, defendant's wife. Victim testified that upon arrival, she was forced to work thirteen-hour days without pay and provide $11,000 to defendant for immigration purposes. Later that year, victim's husband sold their house in Albania and moved to the United States. Both victim and her husband lived in defendant's St. Louis home until a series of disputes prompted them to obtain their own home. After moving out, victim and her husband began receiving a series of phone calls from defendant and his wife in which defendant and his wife threatened to kill victim and her husband. Victim began keeping a handwritten log of the times of the phone calls; in addition, the telephone company placed a tracer on victim's phone. On September 10, 1996, at around 5:30 a.m., defendant phoned victim and threatened to kill her, chop her body into pieces, and "land [her] back in a trash can." A short time later, victim and her husband witnessed defendant drive up their street in a minivan, park in front of their house, and point a shotgun toward the window

while shouting "I'll blow your brains away...I'm going to kill you." Victim immediately called the police. A police officer, upon arrival at defendant's residence, discovered the minivan parked in the driveway. The officer noticed the hood of the minivan over the engine was "very hot," and he discovered a shotgun case in the rear of the minivan. A shotgun with one live shell was found inside the case. Defendant was arrested and taken into custody. A trial was held, and defendant was found guilty of one count of harassment and one count of the unlawful use of a weapon. This appeal follows.

Defendant's first point on appeal asserts the trial court erred in finding that defense counsel's question to victim about whether victim blamed defendant's wife for her "problems" opened the door to allow the state to present evidence of those "problems." Defendant complains the admitted evidence constituted inadmissible prior bad acts of the defendant, the admitted evidence was not logically relevant, and its probative value was outweighed by its prejudicial impact.

The general rule concerning the admission of evidence of uncharged crimes, wrongs, or acts is that evidence of prior uncharged misconduct is inadmissible for the purpose of showing the propensity of the defendant to commit such crimes. *State v. Bernard,* 849 S.W.2d 10, 13 (Mo. 1993). Nevertheless, evidence of other uncharged misconduct has a legitimate tendency to prove the specific crime charged when it tends to establish motive, intent, the absence of mistake or accident, a common scheme or plan embracing the commission of two or more crimes so related to each other that proof of one tends to establish the other, or the identity of the person charged with the commission of the crime on trial. *Id.* We note that a defendant may not take advantage of self-invited error nor complain about matters he himself brings into the case. *State v. Collier,* 892 S.W.2d 686, 691–92 (Mo.App.

1994). We give substantial deference to a trial court's ruling regarding the admissibility of evidence and will not overturn such a decision unless the court abused its discretion. *Leake v. Burlington Northern R. Co.*, 892 S.W.2d 359, 362 (Mo.App.1995).

■ At trial, the following testimony was elicited by defense counsel from victim:

Q: [Victim], you despise [defendant].

A: After he behaved badly with me.

Q: You developed a detest for him personally, didn't you?

A: Because he behaved badly with me.

In addition, defense counsel asked victim whether defendant had stolen money from her, whether she was mistreated by defendant while living at his home, and whether she claimed she had lost .one hundred pounds while living with defendant. Such questions opened the door as to why victim disliked defendant, and the trial court did not abuse its discretion in permitting the state to question victim as to her reasons for disliking and detesting defendant and concomitant "problems" victim had with defendant. Point denied.

Defendant's second point on appeal complains the trial court abused its discretion in refusing to admit into evidence photographs of victim to refute her allegation that she suffered a dramatic weight loss as a result of defendant's mistreatment. Defendant argues the trial court's refusal to admit this impeachment evidence denied her the right to cross-examination, confrontation, due process, and a fair trial.

■ Trial courts retain broad discretion over issues of relevancy and admissibility of evidence, and we will not interfere with those decisions unless there is a clear showing of abuse of discretion. *State v. Hutchison*, 957 S.W.2d 757, 763 (Mo.1997). We review trial court decisions regarding the admissibility of evidence for prejudice, not mere error, and will reverse only if the error was so prejudicial that it deprived the defendant of a fair trial. *State v. Santillan*, 1 S.W.3d 572, 579 (Mo.App. 1999). In addition, any error in the exclusion of testimony on a particular occasion is considered harmless where testimony of a similar import is subsequently introduced without objection. *State v. Abbott*, 654 S.W.2d 260, 277 (Mo.App.1983).

■ While cross-examining victim, defense counsel elicited testimony that victim had lost one hundred pounds while dwelling with defendant as a result of living and working conditions. On recross-examination, defense counsel attempted to introduce pictures of victim taken while she was living with defendant that would have demonstrated she was in good health and well-nourished. The trial court did not permit admission of the photographs, but a witness for the defense later testified that victim had appeared happy and healthy while living with defendant. In light of the impeaching testimony of the defense witness, we cannot say that failure of the trial court to admit the photographs for impeachment purposes was an abuse of discretion. Moreover, any error by the trial court in not admitting the photographs was harmless and not prejudicial as similar impeaching testimony was before the jury. *See State v. Claypool*, 763 S.W.2d 313, 316–17 (Mo.App.1988) (No abuse of discretion or prejudice in trial court excluding police records from evidence when the statements contained in the reports were fully developed during the trial). *State v. Gilmore*, 681 S.W.2d 934, 940 (Mo.1984) (No prejudice when trial court restricted defense counsel's cross-examination of two state's witnesses in light of fact the jury received the "gist" of the testimony defense counsel attempted to develop). Point denied.

The appeal is dismissed as to Count I, unlawful use of a weapon. The judgment is affirmed as to Count II, harassment.

WILLIAM H. CRANDALL Jr., J., concurs.

JAMES R. DOWD, J., concurs.