**STATE of Missouri, Respondent,**

v.

**Willie CRENSHAW, Appellant.**

**No. ED 78537.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Oct. 23, 2001.

Douglas R. Hoff, Asst. Public Defender, St. Louis, MO, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Susan L. Brown, Asst. Atty. Gen., Jefferson City, MO, for respondents.

MARY R. RUSSELL, Judge.

Willie Crenshaw ("Defendant") was found guilty by a jury of first degree murder, forcible rape, and forcible sodomy of a 14–year–old girl ("Victim"), in violation of sections 565.020, 566.030, and 566.060 RSMo 2000,[1] respectively. Defendant was sentenced to life in prison without the possibility of parole on the murder conviction and to consecutive terms of life in prison for the other two charges. Defendant appeals all three convictions.

Defendant alleges the trial court erred in three respects: (1) overruling his motion of acquittal of forcible rape and forcible sodomy because the state's evidence was insufficient in that the state failed to prove the *corpus delicti* of those crimes; (2) admitting the testimony of two witnesses regarding his confession to the rape and sodomy charges because the state failed to prove the *corpus delicti* of the rape and sodomy charges; and (3) permitting Victim's grandmother to testify as to his prior, unrelated bad acts. We affirm in part and reverse in part. We affirm Defendant's murder sentence of life in prison without the possibility of parole as the testimony of Victim's grandmother was proper. We reverse the trial court's denial of Defendant's motion of acquittal of forcible rape and forcible sodomy and remand for a new trial.

Victim's body, severely decomposed, was found in an abandoned house two months after she was reported missing. Defendant had strangled her and reportedly moved her body to the house to delay its discovery in order to allow the evidence to deteriorate. Two witnesses, Curtis Crenshaw and Earl Webster, testified that his motive for killing Victim was to prevent her from telling her mother, Defendant's wife, that he had raped and sodomized her.

Defendant's first and second arguments overlap, and we accordingly address them together. Defendant's second point alleges that the testimony of Crenshaw and Webster should not have been allowed because of the *corpus delicti* rule prohibiting testimony of a defendant's extrajudicial confessions unless the state provides corroborating evidence. His first point asserts that, absent the testimony of Crenshaw and Webster, which he claims should not have been permitted, there was insufficient evidence to convict him of those crimes.

Defendant initially challenges the sufficiency of the evidence in his forcible rape and forcible sodomy convictions. In reviewing the sufficiency of the evidence to

**1.** All further statutory references are to RSMo 2000.

support a criminal conviction, we accept as true all evidence favorable to the verdict, and any favorable inferences drawn therefrom, and we disregard all evidence and inferences to the contrary. *State v. Smith*, 11 S.W.3d 733, 736 (Mo.App.1999). The crux of the review is "whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.*

▉▉▉ In order to convict Defendant of forcible rape, the state was required to prove that Defendant (1) knowingly (2) had intercourse with Victim (3) by means of forcible compulsion. Section 566.030; *see* MAI–CR 3d 320.01. To prove forcible sodomy, the state must establish that Defendant (1) knowingly (2) had deviate sexual intercourse with Victim (3) by means of forcible compulsion. Section 566.060; *see* section 562.021.3.

"Forcible compulsion," defined in section 556.061(12), "means either (a) [p]hysical force that overcomes reasonable resistance; or (b) [a] threat, express or implied, that places a person in reasonable fear of death, serious physical injury or kidnapping of himself or another person."

The testimony of Crenshaw and Webster was the only evidence the state presented to prove the forcible sodomy and forcible rape charges. The relevant testimony regarding these charges was as follows:

Prosecutor: Did he tell you what he had done to [Victim]?

Crenshaw: Yes, he raped and sodomized her . . . .

Prosecutor: Now, [Defendant] told you that he had raped [Victim]?

Crenshaw: Yes.

Prosecutor: And he sodomized her?

Crenshaw: Yes.

Prosecutor: How did he say he killed her?

Crenshaw: Strangulation.

Prosecutor: Did he tell you why he did that to the little girl?

Crenshaw: Keep her from telling his mama—her mama.

Prosecutor: That he did that?

Crenshaw: Yes.

Later in Crenshaw's testimony, the prosecutor again addressed the issue:

Prosecutor: [D]efendant told you that he had forced sex with [Victim]?

Crenshaw: Yes . . . .

Prosecutor: And what else did he tell you about upstairs where she was at?

Crenshaw: What else did he tell me about—that he had murdered her up there and had sex with her and that was it.

Webster testified:

Prosecutor: After [Defendant] told you that, did he tell you what he did to [Victim]?

Webster: He told me that he had raped her and that she was some good pussy and that she suck a mean dick.

Prosecutor: He told you that?

Webster: Yes . . . .

Prosecutor: So he told you he had forced these things on her?

Webster: Yes.

▉▉▉ Because Defendant failed to object to the admission of the testimony of either Webster or Crenshaw at trial, but now claims that their testimony was improperly allowed, his second point alleges an error that was not preserved for review. *State v. Stewart*, 17 S.W.3d 162, 166 (Mo.App.2000). As a result, our review is limited to plain error. Rule 30.20. Unless Defendant establishes that the alleged error will result in manifest injustice if not corrected, we will decline to exercise our discretion to review for plain error. *State*

v. *Cobbins*, 21 S.W.3d 876, 880 (Mo.App. 2000). Affirming the judge's denial of Defendant's motion of acquittal would constitute a manifest injustice as due process requires the state to prove all elements of a crime beyond a reasonable doubt, a burden it did not meet in this case. U.S. Const. amend. XIV, section 1; Mo. Const. art. I, section 10; *State v. Roberts*, 948 S.W.2d 577, 590 (Mo. banc 1997). "If the evidence is insufficient to sustain a conviction, plain error affecting substantial rights is involved from which manifest injustice must have resulted." *State v. Withrow*, 8 S.W.3d 75, 77 (Mo. banc 1999).

 In proving its case against Defendant, the state bears the burden of proving the *corpus delicti*, or the substantive elements, of the offense charged. *State v. Hahn*, 35 S.W.3d 393, 396 (Mo. App.2000). Proof of *corpus delicti* must include "(1) [p]roof, direct or circumstantial, that the specific loss or injury charged occurred; (2) someone's criminality as the cause of the loss or injury." *State v. Worley*, 375 S.W.2d 44, 46 (Mo. 1964). Absent independent proof of the essential elements of the crime, extrajudicial admissions or confessions of the defendant are not admissible. *Hahn*, 35 S.W.3d at 396.

 In order to admit the confession, the state need not provide absolute proof that the crime was committed. *State v. Fears*, 803 S.W.2d 605, 608 (Mo. banc 1991). It merely must introduce "evidence of circumstances tending to prove the *corpus delicti* corresponding with the confession." *Hahn*, 35 S.W.3d at 396. The court can consider the circumstances in conjunction with the confession in determining whether the state sufficiently proved the *corpus delicti*. *State v. Goodwin*, 352 S.W.2d 614, 621 (Mo. banc 1962).

 Although evidence of the *corpus delicti* may follow a defendant's con-fession as long as the essential elements are proved by the conclusion of the trial, *State v. Hayes*, 15 S.W.3d 779, 786 (Mo. App.2000), no other evidence whatsoever of Defendant's guilt for the forcible rape and forcible sodomy was proffered by the state. There were no physical findings connected with the autopsy nor any other evidence indicating that either crime actually occurred. The state attempts to bolster the rape and sodomy confession with evidence corroborating Victim's murder, but it failed to introduce any evidence extraneous to the confessions establishing that a rape or sodomy occurred. *See Worley*, 375 S.W.2d at 46. Based on the testimony presented and the absence of any evidence to corroborate it, we find it impossible to conclude that the state sufficiently proved the *corpus delicti* of either crime to allow the admission of Crenshaw's or Webster's testimony.

In exercising our discretion for plain error review, we must reverse the trial court's decision denying Defendant's motion for acquittal with respect to the forcible rape and forcible sodomy charges and remand for a new trial. Without the undeniably inflammatory testimony of Webster or Crenshaw, there was insufficient evidence by which a reasonable trier of fact could have found Defendant guilty.

Although we acknowledge the heinousness of Defendant's actions and affirm his murder conviction, we must uphold his constitutional rights by reversing his convictions for forcible rape and forcible sodomy and the denial of his motion for acquittal with respect to those charges.

We next turn to Defendant's third point, in which he alleges that the trial court erroneously permitted Victim's grandmother to testify about his prior, unrelated bad acts. We find this argument to be without merit.

Defendant initiated the inquiry of Victim's grandmother regarding her dislike for him. The following exchange occurred on cross-examination of Victim's grandmother by Defendant's attorney:

Attorney: And is it fair to say that [Victim] was not very fond of [Defendant]?

Grandmother: No, she wasn't.

Attorney: And it's also fair to say that you were not very fond of [Defendant].

Grandmother: No.

Attorney: That's fair to say?

Grandmother: Yes.

On redirect, the trial court overruled Defendant's objection and allowed the state to inquire as to why Victim's grandmother disliked him.

■■■■ Generally, evidence of uncharged crimes, wrongs, or acts is inadmissible for the purpose of showing a defendant's propensity to commit such crimes. *State v. Uka*, 25 S.W.3d 624, 626 (Mo.App. 2000). However, "a defendant may not take advantage of self-invited error nor complain about matters he himself brings into the case." *Id.; see State v. Kelly*, 689 S.W.2d 639, 640–41 (Mo.App.1985) (finding that defendant cannot make an assertion in closing argument then complain when the state responds to that contention).

■■■■ We will defer to a trial court's decision regarding the admissibility of evidence and will only overturn it if the court abused its discretion. *Uka*, 25 S.W.3d at 627. Once Defendant opened the door regarding whether Victim's grandmother disliked him, the state was free to cross the threshold and inquire further. We find the trial court did not abuse its discretion in determining the relevancy and admissibility of this testimony. Point denied.

We find the trial court's ruling allowing Victim's grandmother's testimony was not erroneous, but find the trial court erred in denying Defendant's motion for acquittal for the forcible rape and forcible sodomy charges.

We affirm the murder conviction and life sentence without the possibility of parole and reverse the convictions for forcible rape and forcible sodomy and remand for a new trial.

GEORGE W. DRAPER III, P.J., and MARY K. HOFF, J., concur.