

# Missouri Court of Appeals

### Southern District

In Division

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | No. SD37379 |
| vs. | ) | |
| | ) | FILED: February 8, 2023 |
| DAVID TROYER, JR., | ) | |
| | ) | |
| Appellant. | ) | |

APPEAL FROM THE CIRCUIT COURT OF STODDARD COUNTY

Honorable Robert N. Mayer, Judge

**<u>VACATED AND REMANDED</u>.**

Following a jury trial, David Troyer, Jr. ("Defendant"), appeals from his conviction of first-degree child molestation. *See* Section 566.067.[1] Presenting three points on appeal, Defendant contends the trial court erred by (1) allowing the admission of statements he made during a police interview without sufficiently waiving his *Miranda* rights[2]; (2) allowing the admission of improper propensity evidence; and (3) allowing the admission of his extrajudicial statements despite the State's failure to prove the corpus delicti of the charged offense.

---

[1] All statutory citations are to RSMo Cum.Supp. (2017), unless otherwise indicated.
[2] *Miranda v. Arizona*, 384 U.S. 436 (1966).

Defendant's third point has merit and is dispositive.  We vacate the judgment, do not reach Defendant's remaining points, and remand for further proceedings consistent with this opinion.

## Applicable Principles of Review and Governing Law

"A person commits the offense of child molestation in the first degree if he or she subjects another person who is less than fourteen years of age to sexual contact and the offense is an aggravated sexual offense."  Section 566.067.1.  "The evidence is viewed in the light most favorable to the verdict."  *State v. Anglin*, 45 S.W.3d 470, 471 (Mo.App. 2001).

## Factual and Procedural Background

Defendant is a member of a cloistered Mennonite religious community.  In 2017, he pleaded guilty to first-degree sexual abuse.  Following his conviction, the Mennonite community built a cabin for Defendant on the property of one of its members, R.Y.[3]  From June until December 2018, Defendant and R.Y. worked together in R.Y.'s shop.

In December 2018, Detective Garry Brady began investigating Defendant based on Defendant's disclosure to his probation officer that he had inappropriately touched a child.  Before interviewing Defendant, Detective Brady explained Defendant's *Miranda* rights to him several times, and Defendant signed a *Miranda* waiver.  Defendant told Detective Brady he had been allowed to be around R.Y.'s two-and-a-half-year-old son, A.Y., without other adults present.  Defendant confessed that he once touched A.Y.'s genitals through the child's pants.  He also admitted that he had inappropriate thoughts about other minors in his community.

Defendant was charged by information with one count of first-degree child molestation.[4]  Prior to trial, Defendant moved to suppress the statements he made to Detective Brady on the

---

[3] We refer to R.Y. by his initials due to the fact that he is the father of the minor child referred to in this matter.

[4] The information alleged that Defendant, "for the purpose of arousing or gratifying the sexual desire of Defendant subjected [A.Y.] who was then less than twelve years old to sexual contact by touching the child's penis[.]"  "[T]he

grounds he did not knowingly and voluntarily waive his *Miranda* rights. The court held a hearing and denied Defendant's motion to suppress. Defendant also submitted a motion *in limine* arguing that his extrajudicial statements should be excluded at trial because the State failed to prove the corpus delicti of the charged offense, which was also denied.

At trial, R.Y. testified he remembered one occasion he momentarily left Defendant and A.Y. alone together, but he could not remember when exactly this happened. R.Y. had no other knowledge of anything that may have occurred between Defendant and A.Y. The State also submitted into evidence a video recording of Defendant's interview with Detective Brady and records of Defendant's prior conviction, both over Defendant's objection. Detective Brady testified regarding his investigation and his interview with Defendant.

Defendant testified on his own behalf. He denied ever inappropriately touching A.Y., but admitted he told Detective Brady about his unacted-upon thoughts. He asserted he felt intimidated by Detective Brady and did not clearly understand his rights during the interview.

The jury found Defendant guilty of first-degree child molestation. The court sentenced Defendant to a term of imprisonment of 22 years. This appeal follows.

### Discussion

In his third point, Defendant argues the court erred in admitting his statements to Detective Brady into evidence because the State failed to establish the corpus delicti of the charged offense. He asserts the State did not adduce sufficient facts to corroborate his confession, and thus, none of his extrajudicial statements were admissible. We agree.

---

facts necessary to support a conviction of first-degree child molestation are: (1) a prohibited touching; (2) of a child less than fourteen years of age; (3) done with the intent to arouse or gratify sexual desire." **State v. Kelso**, 391 S.W.3d 515, 519 (Mo.App. 2013); *see also* section 566.010(6) (defining "sexual contact" as used in section 566.067.1 and setting out what qualifies as a prohibited touching).

The corpus delicti rule is a rule of evidence, which determines whether a defendant's confession may be considered as substantive evidence of guilt. *State v. Pratte*, 345 S.W.3d 357, 360 (Mo.App. 2011). The Missouri Supreme Court has explained the rule as follows:

> Extrajudicial admissions or statements of the defendant are not admissible in the absence of independent proof of the commission of an offense, i.e. the corpus delicti. Evidence, however, that the defendant was the criminal agent is not required before the defendant's statement or confession is admitted. In addition, absolute proof independent of his statement or confession that a crime was committed is not required. All that is required is evidence of circumstances tending to prove the corpus delicti corresponding with the confession. *Slight corroborating facts* are sufficient to establish the corpus delicti. The determination of whether there is sufficient independent evidence of the corpus delicti of an offense is fact specific and requires a case-by-case evaluation.

*State v. Madorie*, 156 S.W.3d 351, 355 (Mo. banc 2005) (internal citations omitted). Additionally, "'[i]f there is evidence of corroborating circumstances which tends to prove the crime and corresponds with circumstances related in his confession, both the circumstances and the confession may be considered in determining whether the corpus delicti is sufficiently proved.'" *State v. Bumbery*, 492 S.W.3d 656, 663 (Mo.App. 2016) (quoting *State v. Morro*, 281 S.W.720, 722 (Mo. 1926)). As with other evidentiary rulings, our standard of review is abuse of discretion. *Madorie*, 156 S.W.3d at 355.

The State's case against Defendant relied upon Defendant's confession to Detective Brady. No additional evidence tending to prove the corpus delicti of the offense was presented. Detective Brady testified only about his interview with Defendant. R.Y., A.Y.'s father, testified, but he said nothing that could have served as proof of the commission of the offense. Regarding Defendant's time alone with A.Y., R.Y. stated, "There was one time that we were working in the shop and I made a dash to the other shop and back which was just a matter of a couple – I don't know if it had been a couple minutes even, a couple seconds maybe." R.Y. could not recall precisely when this incident occurred or exactly how long he was out of the room. He also could not identify

4

anything about the incident that would have suggested a crime had occurred, stating "I remember coming back and assessing the situation and I remember thinking, well, it looks good." When asked, "So you don't know what happened, you don't know if it happened and you don't know when it happened?" R.Y. replied, "I do not." Neither R.Y.'s testimony, nor any other evidence presented by the State at trial, offered any proof that the offense charged actually occurred.

The State argues that R.Y.'s testimony sufficiently corroborated Defendant's confession. However, this argument fails for two reasons. First, there is nothing that connects the minutes or seconds Defendant was alone with the child to the incident described in Defendant's confession. R.Y. stated he remembered briefly leaving Defendant and A.Y. alone during the approximately seven months Defendant worked with R.Y., but could not give a more precise time frame. When asked if the events in Defendant's confession sounded like the incident R.Y. described, R.Y. stated, "I don't know" and "I have no connection." R.Y.'s testimony cannot corroborate Defendant's confession if it is entirely unclear whether his testimony was at all related to the act to which Defendant confessed. Second, R.Y.'s testimony about a momentary absence from his workshop did not provide any proof that anything specific occurred during that absence. As we have previously stated, "If there is evidence of corroborating circumstances *which tends to prove the crime* and corresponds with circumstances related in his confession, both the circumstances and the confession may be considered in determining whether the corpus delicti is sufficiently proved." **Bumbery**, 492 S.W.3d at 663 (emphasis added). Even if R.Y.'s testimony corresponded to the circumstances related in Defendant's confession, it in no way tended to prove the crime.

Courts in Missouri have rarely found that the State failed to sufficiently prove the corpus delicti of an offense. In this appeal, the State urges us to follow several cases in which courts

5

denied a defendant's corpus delicti challenge. However, in each of these cases, as well as in most other cases where corpus delicti arguments have been rejected, there was at least some evidence that a crime actually occurred. For example, in *State v. Jones*, 427 S.W.3d 191 (Mo. banc 2014), and *State v. Schmidt*, 630 S.W.3d 802 (Mo.App. 2021), there were deceased victims and evidence suggesting the cause of death was homicide. In *Bumbery*, 492 S.W.3d 656, an arson case, there was physical evidence corroborating the defendant's confession that he started the fire near an electrical box using rubbing alcohol and a blow torch.

In contrast to the cases cited by the State, we find *State v. Crenshaw*, 59 S.W.3d 45 (Mo.App. 2001) to be particularly instructive. The defendant in *Crenshaw* was convicted of first degree murder, forcible rape, and forcible sodomy. *Id.* at 47. On appeal, he argued that the State failed to prove the corpus delicti for the rape and sodomy offenses. *Id.* The court agreed and reversed the defendant's convictions for both offenses. *Id.* at 49. The deceased victim could not testify, there was no physical evidence of either offense, and the court found that the State "failed to introduce any evidence extraneous to the confessions establishing that a rape or sodomy occurred." *Id*. The present case involves a similar set of circumstances. The victim, A.Y., was unable to testify as to Defendant's acts, there was no physical evidence of the offense, and the prosecution presented no evidence of the crime other than Defendant's confession.

The corpus delicti rule requires "only proof of the criminal act and the criminal agency of *someone*." *Madorie*, 156 S.W.3d at 355  In the present case, there was no evidence presented other than Defendant's confession that provided proof of any criminal act. Therefore, we conclude that the State failed to prove the corpus delicti of the crime, rendering Defendant's confession inadmissible. The trial court abused its discretion by admitting the statements made by Defendant during his interview with Detective Brady. Additionally, we find that this error

6

was sufficiently prejudicial as to warrant reversal, because without Defendant's confession, there was insufficient evidence by which the jury could have found Defendant guilty. Point III is granted.

Because the resolution of Defendant's third point requires the vacation of his conviction, his first and second points are rendered moot. An issue is moot when "the question presented for decision seeks a judgment upon some matter, which if judgment were rendered, could not have any practical effect upon any then existing controversy." *Heidebur v. State*, 980 S.W.2d 138, 140 (Mo.App. 1998). Accordingly, "[w]e need only review such an issue when it is likely to come up again on remand." *State v. Smith*, 229 S.W.3d 85, 98 (Mo.App. 2007). Here, we have no way of knowing whether the State will be able to gather any proof of first-degree child molestation, independent of Defendant's confession, that is sufficient to prove the corpus delicti. As such, we decline review of the issues raised in Defendant's first and second points.

## Decision

The judgment of the trial court is vacated, and the cause is remanded for further proceedings consistent with this opinion.

BECKY J. W. BORTHWICK, J. – OPINION AUTHOR

JEFFREY W. BATES, J. – CONCURS

GINGER K. GOOCH, J. – CONCURS