

# Missouri Court of Appeals
## Southern District

### In Division

STATE OF MISSOURI,                    )
                                      )
    Plaintiff-Respondent,         )
                                      )   No. SD38121
v.                                    )
                                      )   **Filed: January 31, 2025**
                                      )
ISARIAH M. ROBERTS,                   )
                                      )
    Defendant-Appellant.          )

### APPEAL FROM THE CIRCUIT COURT OF SCOTT COUNTY

Honorable D. Blake Pearson, Judge

**<u>AFFIRMED</u>**

Following a bench trial, Isariah M. Roberts ("Defendant") was convicted of one count of first-degree statutory sodomy under §566.062; one count of first-degree child molestation under §566.067; and one count of sexual misconduct under §566.083.[1] On appeal, Defendant contends that the trial court (1) abused its discretion in admitting his extrajudicial statements to coworkers because the State did not establish the corpus delicti of the offenses; (2) erred in admitting his extrajudicial statements to law enforcement because the State did not establish the corpus delicti of the offenses; and (3) erred in overruling his motion for judgment of acquittal because the

---

[1] Unless otherwise indicated, all statutory references are to RSMo (2006), as amended through 2014, the date of the alleged crimes.

evidence was insufficient to support a conviction for first-degree child molestation. Because the trial court did not abuse its discretion in admitting the extrajudicial statements, and because the evidence was sufficient for a reasonable fact-finder to convict Defendant of first-degree child molestation, the judgment of the trial court is affirmed.

## Factual and Procedural Background

This case presents an unusual set of facts. On January 29, 2021, Defendant, of his own volition, drove himself to the Scott City Police Department where he offered to speak to a police officer. He was then introduced to Officer J.C. ("Officer"), who advised Defendant that he was not under arrest, that he was free to leave at any time, and that he did not have to answer any questions.

Defendant then admitted to engaging in sexual contact with a two-year old victim ("Victim") in 2014. Defendant also gave a voluntary written statement consistent with his prior verbal statement. In his written statement, Defendant said that he previously confessed to four coworkers, including M.J. and C.D., that he committed the same crimes. Defendant then consented to a search of his phone, which revealed that he confessed the same crimes in a group message on Facebook Messenger. The search also revealed that Defendant had researched the statute of limitations on Missouri sex crimes two days before his confession to Officer.

At a bench trial, Officer testified to Defendant's confession in detail, stating,

[Defendant] said that it was either in the months of June or July, but he had been left at his residence alone with [Victim] and that he was on the couch. And he called [Victim] into the room. He began masturbating. In his words, [Victim] did not appear to be interested, so he placed her hand on his penis. And then, after that, he attempted to have [Victim] perform oral sex on him by placing her mouth close to his penis. When I asked him, he said that his penis did not enter or penetrate her mouth. She began crying, and then he heard the mother's vehicle, [Mother], arrive at the residence. And he quickly stopped and pulled up his pants.

The testimony of both M.J. and C.D. regarding Defendant's confession was consistent with

2

Defendant's confession to Officer. M.J. testified that Defendant confessed the same crime "three years ago" when she worked with Defendant at a tattoo shop in Cape Girardeau; and C.D. testified:

> Well, so I guess he'd been watching this young girl for – you know, while the mother was away. And had, basically, like tried to force oral sex on the minor. And, you know, the child obviously tried to refuse. And that around there, pretty much just progressed. And I want to say that the mother came home and interrupted the moment. Whether or not she had witnessed or had seen anything, I'm not a hundred percent sure on that. But that's as much as I can remember.

Victim's mother ("Mother") testified that she did not witness the alleged crimes and was unaware of them until contacted by law enforcement years later, following Defendant's voluntary confession. Mother stated that she dated Defendant for "four months" in 2014 and left Victim alone with Defendant while Mother was at work. When asked whether Victim's behavior changed during that time, Mother responded, "At that time, no." However, Mother testified that Victim began trying to "escape" and "trying to leave front doors in any home [she had] been in for a couple months after the fact. It didn't stop for a while."

Prior to trial, Defendant filed a pretrial motion to suppress his extrajudicial statements to Officer, M.J., and C.D., and a motion to dismiss "based on the State's failure to establish or prove a corpus delicti" because there are "no independent facts that tend to corroborate any of the [extrajudicial] statements alone." The trial court denied both motions. Defendant renewed his motion to dismiss at trial, which was also denied.

Defendant was convicted of one count of first-degree statutory sodomy under §566.062; one count of first-degree child molestation under §566.067; and one count of sexual misconduct involving a child under fifteen years of age under §566.083. This appeal followed.

## Standard of Review

In his first two points on appeal, Defendant contends that the trial court (1) abused its discretion in admitting Defendant's extrajudicial confession to M.J. and C.D. and (2) erred in

admitting Defendant's extrajudicial confession to Officer, because the State adduced insufficient facts to independently corroborate these confessions, thereby failing to establish the corpus delicti of the crimes.

"A trial court has broad discretion to admit or exclude evidence at trial." **State v. Madorie**, 156 S.W.3d 351, 355 (Mo. banc 2005). "[The] standard of review in addressing the admission or exclusion of evidence at trial is for abuse of discretion." **State v. Ellis**, 512 S.W.3d 816, 825 (Mo. App. W.D. 2016). A trial court's "discretion is abused when a ruling is clearly against the logic of the circumstances and is so unreasonable as to indicate a lack of careful consideration." **Id.** (quoting **State v. Forrest**, 183 S.W.3d 218, 223 (Mo. banc 2006)) (internal quotation marks omitted).

### Analysis

"The term 'corpus delicti' is Latin for 'body of the crime.'" **Madorie**, 156 S.W.3d at 353 (quoting BLACK'S LAW DICTIONARY 346 (7th ed.1999). The Corpus Delicti rule provides that "out-of-court confessions, statements, or admissions by the accused are generally not admissible unless they are corroborated by independent evidence, either circumstantial or direct, showing the corpus delicti of the crime." **State v. Edwards**, 116 S.W.3d 511, 544 (Mo. banc 2003) (emphasis omitted).

The corroborating evidence required to prove the corpus delicti need not be considerable; only "[s]light corroborating facts are sufficient to establish the corpus delicti." **Madorie**, 156 S.W.3d at 355 (citation and emphasis omitted). "The determination of whether there is sufficient independent evidence of the corpus delicti of an offense is fact specific and requires a case-by-case evaluation." **Id**. "The State is only required to prove that someone committed the crime[s] with [i]ndependent evidence of circumstances which 'correspond and interrelate' with the

4

circumstances described in the statement or confession." *Id.* at 356 (second alteration in original) (citation and internal punctuation omitted).

While it appears there are no Missouri cases directly analogous to this one, Defendant cites *State v. Troyer*, 663 S.W.3d 853 (Mo. App. S.D. 2023), and *State v. Crenshaw*, 59 S.W.3d 45 (Mo. App. E.D. 2001), in support of his argument that the evidence of corpus delicti is insufficient.

In *Troyer*, the defendant confessed to his probation officer that he touched the genitals of the two-and-a-half-year-old victim through the boy's pants and had inappropriate thoughts about minors in his Mennonite community. *Troyer*, 663 S.W.3d at 855. At trial, the only evidence the State presented, apart from the defendant's extrajudicial confession, was the testimony of the victim's father, who stated that he had left the victim alone with the defendant during a "momentary absence from his workshop" but could not corroborate the specific timeframe. *Id.* at 857. The trial court found the defendant guilty of first-degree child molestation. *Id.* at 856. On appeal, this court held that the State failed to prove the corpus delicti of the crime because "[t]he victim . . . was unable to testify as to [d]efendant's acts, there was no physical evidence of the offense, and the prosecution presented no evidence of the crime other than [d]efendant's confession[,]" and the father's testimony did not establish that the crime actually occurred. *Id.* at 858.

Similarly, in *Crenshaw*, the defendant was convicted of murder, forcible rape, and forcible sodomy. *Crenshaw*, 59 S.W.3d at 47, 49. At trial, two witnesses testified that the defendant confessed to raping and sodomizing his murder-victim. *Id.* at 47-48. On appeal, the court reversed the defendant's convictions for forcible rape and forcible sodomy, holding that the State failed to establish the corpus delicti because "[t]he deceased victim could not testify, there was no physical evidence of either offense, and the court found that the State 'failed to introduce any evidence

5

extraneous to the [alleged] confessions establishing that a rape or sodomy occurred.'" ***Troyer***, 663 S.W.3d at 858 (quoting ***Crenshaw***, 59 S.W.3d at 49).

We find the facts in ***Troyer*** and ***Crenshaw*** are distinguishable from this case. "'If there is evidence of corroborating circumstances which tends to prove the crime and corresponds with circumstances related in his confession, both the circumstances and the confession may be considered in determining whether the corpus delicti is sufficiently proved.'" ***State v. Bumbery***, 492 S.W.3d 656, 663 (Mo.App. S.D. 2016) (quoting ***State v. Morro***, 281 S.W. 720, 722 (Mo. banc 1926)). In contrast to the evidence in ***Troyer*** and ***Crenshaw***, here there is slight proof that tends to prove the crime and corresponds to the circumstances in Defendant's confessions. Mother testified that she dated Defendant from "May to September" in 2014 and that Defendant and Victim were alone at Defendant's residence when she worked, consistent with Defendant's confessions to C.D., M.J., and Officer. Moreover, Mother's testimony regarding Victim's change in behavior after the alleged crimes to attempt to escape out the front door of any house she went in is evidence that the trial court could have reasonably believed was the result of Defendant's abusive actions. Further, the evidence of Defendant's research on the statute of limitations related to Missouri sex crimes is independent of his confession, and is further evidence of his consciousness of guilt and corroborates the confessions to C.D., M.J., and Officer.

While this evidence is not robust, it satisfies the requirement of slight corroborating facts sufficient to establish the corpus delicti of the offenses. Thus, the trial court did not abuse its discretion by admitting Defendant's statements to C.D., M.J., and Officer into evidence. Defendant's Points I and II are denied.

In his third point on appeal, Defendant argues that the trial court erred in overruling his motion for judgment of acquittal because the evidence was insufficient to support the conviction

6

of first-degree child molestation under §566.067.

Our review of the trial court's ruling on a motion for judgment of acquittal is to determine whether there is sufficient evidence for the trier of fact to have found Defendant guilty beyond a reasonable doubt, *State v. Gomez*, 672 S.W.3d 113, 119 (Mo. App. S.D. 2023), and our review is "limited to whether the State has introduced adequate evidence from which a reasonable finder of fact could have found each element of the crime beyond a reasonable doubt." *Id.* (quoting *State v. Lammers*, 479 S.W.3d 624, 632 (Mo. banc 2016)). We must "accept[] as true all evidence tending to prove guilt together with all reasonable inferences that support the verdict, and ignore[] all contrary evidences and inferences." *State v. Gilmore*, 537 S.W.3d 342, 344 (Mo. banc 2018) (quoting *State v. Ess*, 453 S.W.3d 196, 206 (Mo. banc 2015)). "When a defendant challenges the sufficiency of the evidence to support a finding that sexual contact occurred, the issue is whether there is at least a reasonable inference that there was the touching of the genitals." *McAllister v. State*, 643 S.W.3d 124, 132-33 (Mo. App. E.D. 2022) (quoting *State v. Johnson*, 479 S.W.3d 762, 768 (Mo. App. E.D. 2016)). "[C]ircumstantial evidence may support a finding of sexual contact." *Id* at 134.

"A person commits the crime of child molestation in the first degree if he or she subjects another person who is less than fourteen years of age to *sexual contact*." Section 566.067.1 (emphasis added). "Sexual contact" means "any touching of another person with the genitals or any touching of the genitals or anus of another person, or the breast of a female person, or such touching through the clothing, for the purpose of arousing or gratifying sexual desire of any person[.]" Section 566.010(3).

The State presented sufficient evidence from which a reasonable fact-finder could conclude that Defendant made sexual contact with Victim. Defendant stated to Officer that he "placed her

7

hand on his penis. And then . . . attempted to have [her] perform oral sex on him by placing her mouth close to his penis." While Defendant denied that his penis entered or penetrated Victim's mouth, this does not foreclose his penis touching Victim's face while, as he admitted to C.D., he "tried to force oral sex" on Victim. This, combined with Mother's testimony about Victim's change in behavior, could permit the fact-finder to make a reasonable inference that the touching occurred. "The fact that there may be a second reasonable inference—distinct from one supporting guilt—does not negate the existing inference supporting guilt, and, moreover, our standard of review mandates that we disregard all inferences contrary to the verdict." *State v. Bracy*, 670 S.W.3d 159, 167 (Mo. App. E.D. 2023) (internal quotations omitted) (quoting *State v. Leonard*, 490 S.W.3d 730, 738 (Mo. App. W.D. 2016). Point III is denied.

**Conclusion**

The judgment of the trial court is affirmed.

MATTHEW P. HAMNER, J. – OPINION AUTHOR

DON E. BURRELL, J. – CONCURS

BECKY J. WEST, J. – CONCURS

8