**STATE of Missouri, Respondent,**

v.

**Charles J. ROBERDS, Appellant.**

**No. WD 44295.**

Missouri Court of Appeals,
Western District.

Nov. 5, 1991.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 24, 1991.

Application to Transfer Denied
Jan. 28, 1992.

F.A. White, Jr., McFadin, White and McFadin, Kansas City, for appellant.

William L. Webster, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent.

Before LOWENSTEIN, C.J.,
SHANGLER and TURNAGE, JJ.

TURNAGE, Judge.

Charles Roberds was found guilty by a jury of involuntary manslaughter and assault in the second degree. Pursuant to the recommendations of the jury the court imposed punishment on the manslaughter charge of one year in the county jail and a fine of $5,000.00 and imposed a fine of $5,000.00 on the assault charge.[1]

---

1. No point is raised on this appeal concerning the assault charge and it will not be further    noticed.

Roberds contends that § 565.024.1(2), RSMo 1986, under which he was convicted of manslaughter, is unconstitutional because of vagueness. Appeal dismissed.

In October, 1989, Roberds was charged with the Class C felony of involuntary manslaughter by operating a motor vehicle while under the influence of alcohol and doing so with criminal negligence thereby causing the death of Angela Koch. Trial to a jury resulted in a verdict of guilty and recommended punishment at imprisonment in the county jail for one year and a fine to be determined by the court. The court sentenced Roberds to one year in the county jail and a fine of $5,000.00.

The sole point raised on this appeal is that § 565.024.1(2) is unconstitutional. That section reads "a person commits the crime of involuntary manslaughter if he (2) while in an intoxicated manner operates a motor vehicle in this state and, when so operating, acts with criminal negligence to cause the death of any person." Roberds contends that § 565.024.1(2) and § 562.016.5, RSMo 1986, which defines the term "acts with criminal negligence," are unconstitutional because the definition of criminal negligence is so vague that it fails to warn the public with reasonable certainty as to what conduct constitutes criminal negligence.

█ If the constitutional challenge has been preserved for review, this court does not have jurisdiction and the appeal would have to be transferred to the Supreme Court, Art. V, § 3, Constitution of Missouri. While Roberds raised the constitutional issue prior to trial, the record does not reveal that Roberds filed a motion for new trial. Rule 29.11 requires allegations of error in jury tried cases to be included in a motion for new trial to be preserved for appellate review, except in instances not applicable here.

In *State v. Sumowski,* 794 S.W.2d 643, 647[14–17] (Mo. banc 1990), the court held that "[a] constitutional claim must be raised at the earliest opportunity and preserved at each step of the judicial process." In *State v. Moesch,* 738 S.W.2d 585, 587[1, 2] (Mo.App.1987), the court stated:

To preserve a constitutional question for review four actions must occur. First, the matter must be raised at the first opportunity; second, the sections of the Constitution claimed to be violated must be specified; third, the point must be preserved in the motion for new trial; and fourth it must be adequately covered in the briefs.

In order to preserve a constitutional issue it is necessary that the matter be raised in the motion for a new trial. Having failed to file a motion for new trial, Roberds has failed to preserve any constitutional issue.

Because the only issue raised on this appeal is the constitutionality of § 565.024.1(2), and that question has not been preserved for review, there is no issue for review before this court. The appeal is dismissed.

All concur.