**STATE of Missouri, Respondent,**

v.

**Bruce GILES, Appellant.**

**Bruce GILES, Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

Nos. 66839, 68680.

Missouri Court of Appeals,
Eastern District,
Division Seven.

July 16, 1996.

---

1. Mother was pregnant at that time. She also was smoking marijuana when she entered the hospital.

Deborah B. Wafer, Dist. Defender, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Joanne E. Joiner, Asst. Atty. Gen., Jefferson City, for respondent.

KAROHL, Judge.

These appeals involve charges of assault first degree, assault second degree, two related charges of armed criminal action and denial of Rule 29.15 relief after an evidentiary hearing. The jury found Giles guilty on two counts of assault second degree, two counts armed criminal action and not guilty on two of the six felony charges.

The only issues briefed for decision involve claims of error on direct appeal. Accordingly, the Rule 29.15 appeal has been abandoned.

■ Giles argues error because the trial court failed to grant two motions to strike venirepersons for cause. Both venirepersons were peremptorily removed and did not serve on the jury. Giles acknowledges § 494.480.4 RSMo 1994 prohibits a new trial on this ground. He argues, however, the statute is unconstitutional because it "would violate his federal and state constitutional rights to equal protection and due process of the laws and his due process right to a fair and impartial jury." We hold that the statute does prohibit relief and the constitutional challenge is not properly before this court. That challenge was not presented to the trial court either, at the time it overruled the motions to strike for cause, or in Giles' motion for new trial. *State v. Roberds,* 820 S.W.2d 621, 622 (Mo.App. W.D.1991).

■ Giles' second and final point is that the court erred in submitting to the jury an instruction on assault second degree on Count I where the charged crime was assault first degree. The jury found Giles guilty of the lesser crime. Giles does not challenge the sufficiency of the evidence to support the jury verdict of guilty of assault second degree. There is no claim the trial court erred in denying a motion for judgment of acquittal on Count I. Giles argues the narrow issue that the submission of the lesser included offense was error because: (1) there was no evidence he acted recklessly; (2) assault in the second degree is not a lesser included offense of the version of assault first degree that was charged; and (3) the instruction was inconsistent with his self-defense instruction.

■ Giles acknowledges he offered the second degree instruction. He requests plain error review. Giles is not entitled to relief. Generally, a defendant may not obtain a new trial on the basis that the court submits an instruction offered by defendant. *State v. Parker,* 886 S.W.2d 908, 928–929 (Mo. banc 1994); *cert. denied* — U.S. —, 115 S.Ct. 1827, 131 L.Ed.2d 748 (1995); *State v. Leisure,* 796 S.W.2d 875, 879 (Mo. banc 1990).

We affirm.

RHODES RUSSELL, P.J., and SIMON, J., concur.