

# Missouri Court of Appeals
## Southern District
### Division One

STATE OF MISSOURI,                )
                                  )
    Plaintiff-Respondent,        )
                                  )
v.                                )          No. SD33892
                                  )          Filed:  June 21, 2016
RICHARD S. BUMBERY,               )
                                  )
    Defendant-Appellant.         )

APPEAL FROM THE CIRCUIT COURT OF LAWRENCE COUNTY

Honorable Alan Blankenship, Associate Circuit Judge

**<u>AFFIRMED</u>**

Richard Bumbery (Defendant) was charged by felony information with the class B felony of arson in the first degree in violation of § 569.040.[1]  This charge involved a December 2010 fire that destroyed a building at which Defendant's employer, Bolivar Insulation Company (Bolivar Insulation), conducted its business.  Following presentation of the evidence at Defendant's jury trial, the State amended its felony information to charge Defendant with the lesser-included offense of arson in the second degree, a class C felony.

---

[1]  All references to statutes are to RSMo Cum. Supp. (2010) unless otherwise indicated.  All references to rules are to Missouri Court Rules (2016).

*See* § 569.050 RSMo (2000).  The jury found Defendant guilty on this amended charge, and the court entered sentence accordingly.

Presenting three points on appeal, Defendant challenges the trial court's rulings on Defendant's objections concerning:  (1) Defendant's motion for acquittal at the close of the State's case and at the close of the evidence; (2) the admission of Defendant's extrajudicial statements, alleged to be inadmissible pursuant to the *corpus delicti* rule; and (3) the admission of both a recording of Defendant's extrajudicial statements and witness testimony recounting those statements.  Finding no merit in any of these contentions, we affirm.

The State's second amended information charged Defendant with the crime of second-degree arson.  The information alleged that, on or about December 12, 2010, Defendant "knowingly damaged a building consisting of a business known as Bolivar Insulation" and that he did so by starting a fire.  Defendant does not contest the sufficiency of the evidence to support his conviction on this charge.  "We consider the facts and all reasonable inferences derived therefrom in a light most favorable to the verdict, and we reject all contrary evidence and inferences."  **State v. Campbell**, 122 S.W.3d 736, 737 (Mo. App. 2004).  Viewed from that perspective, we summarize the relevant facts.

On the morning of Sunday, December 12, 2010, Erica Lyons (Lyons), who was then dating and living with Defendant, woke up at 4:15 a.m. to discover that Defendant and his van were gone.  Shortly after 5:00 a.m., firefighters were dispatched to a commercial structure fire at Bolivar Insulation located on Highway OO outside Kimberling City, Missouri (hereinafter referred to as the fire).  The drive time from that structure to Defendant's residence was ten to fifteen minutes.  Defendant returned home between 5:30 and 5:45 a.m.

Lyons confronted Defendant upon his return and asked him where he had been. Defendant responded, "Don't ask." He then proceeded to put the coveralls he was wearing into the washing machine. Lyons continued to press the matter, and Defendant, who appeared agitated, informed Lyons that he would not have to go back to work because "Bolivar Insulation was going up in flames[.]" Upon further questioning, Defendant confessed that he had set the fire. He further stated that he would not be caught because he had researched what was traceable and had set the fire near a blue electrical box.

The following day, Lyons contacted a law enforcement officer whom she knew from having worked as a confidential informant. Lyons agreed to take a recording device home. Using that device, Lyons recorded a December 14, 2010 conversation in which she asked Defendant about the fire. During that conversation, Defendant made several incriminating admissions. These included: (1) an admission that he had started the fire by an electrical box; and (2) an admission that he used rubbing alcohol and a torch, which were untraceable.

Defendant's recorded confession was used by police to obtain a search warrant. During the ensuing search of Defendant's house and vehicles, police found a blow torch in Defendant's truck.

A state fire marshal and an insurance company investigator each conducted a physical investigation into the fire. The fire marshal's investigation revealed: (1) the absence of "spalling," which are marks left on the floor by flammable liquids or accelerants; and (2) the origin of the fire was "in the area of the stairs[.]" These findings were consistent with Defendant's confession because rubbing alcohol does not leave spalling, and an electrical box was located in the vicinity of the stairs. Both the fire marshal and insurance investigator could not determine the cause of the fire as a result of their physical investigations alone. Based upon information provided by the police – including

3

Defendant's confession – the fire marshal and insurance investigator concluded the fire was incendiary in origin.

Additional facts necessary to the disposition of the case are included below as we address Defendant's three points on appeal.

*Point 1*

In Point 1, Defendant contends the trial court erred in "refusing to rule upon" Defendant's motions for acquittal at the close of the State's evidence and at the close of all of the evidence at the time those motions were made. Defendant argues that "the State failed to produce any evidence that at the time [Defendant] was alleged to have started the fire, other persons were then in near proximity thereto[,]" which is required for a first-degree arson conviction. *See* § 569.040. This point arises out of the following events at trial.

The State's first amended felony information charged Defendant with first-degree arson. This information alleged that on or about December 12, 2010, Defendant "knowingly damaged a building consisting of a business known as Bolivar Insulation," and "did so by starting a fire at a time when persons were then in near proximity thereto and thereby recklessly placed such persons in danger of death or serious physical injury." After the State presented its case-in-chief at trial, Defendant moved for a judgment of acquittal. Defense counsel argued that "there ha[d] been absolutely no evidence before this Court that at the time the fire was started there was anyone in near proximity thereto[.]" The court took the motion under advisement "until all the evidence [was] in."

Thereafter, the State rested, and Defendant proceeded to put on evidence that included his own testimony. After Defendant rested, he again moved for a judgment of acquittal. After some discussion during which the State indicated its willingness to file an amended felony information, the court made the following ruling:

4

I agree that there is insufficient evidence to submit an arson first to the jury based on the evidence presented at trial. However, I am going to overrule Defendant's motion for acquittal at both the close of State's evidence, which I had previously taken under advisement, and also the one just filed and argued. I will allow the State to file an amended information for arson second; that is, what is supported by the evidence for submission to the jury and that's what I will instruct on. The defense in this case has been basically, "I didn't do it. I didn't do it at all," and that issue Defense has well tried, so there's no prejudice by starting this case at an arson one and ending up at an arson two.

The State, over Defendant's objection, then filed its second amended felony information charging Defendant with second-degree arson. The case was submitted to the jury solely on this charge.

We ordinarily review a trial court's ruling on a motion for judgment of acquittal in a jury-tried case to determine whether the State made a submissible case. *State v. Bush*, 250 S.W.3d 776, 778 (Mo. App. 2008); *State v. Young*, 172 S.W.3d 494, 496-97 (Mo. App. 2005). Under that standard of review, the issue is whether the State presented sufficient evidence from which a reasonable juror could have found Defendant guilty beyond a reasonable doubt. *State v. Johnson*, 244 S.W.3d 144, 152 (Mo. banc 2008).

Here, however, Defendant posits his claim of error on the trial court's failure to grant his motions and acquit him of first-degree arson – a charge never submitted to the jury. It is undisputed that the evidence was insufficient to sustain this charge. The trial court made an explicit finding on the record that there was "insufficient evidence to submit an arson first to the jury based on the evidence presented at trial." Thus, the trial court for all intents and purposes *granted* Defendant's motions to the extent of the first-degree arson charge.

The gist of Defendant's argument is that, once the motions for judgment of acquittal were filed, the trial court's only option on these facts was to grant the motions because the State failed to prove its first-degree arson case. We find no merit in this argument.

5

First, the trial court's alleged error in deferring its ruling on the motion for judgment of acquittal made at the close of the State's case presents nothing for us to review. Because Defendant chose not to stand on that motion and instead presented evidence on his own behalf, he waived any claim of error relating to the court's ruling on the first motion for judgment of acquittal. *See State v. Still*, 216 S.W.3d 261, 265 n.4 (Mo. App. 2007*)*; *State v. Glowczewski*, 168 S.W.3d 100, 102 (Mo. App. 2005); *State v. Meuir*, 138 S.W.3d 137, 143 (Mo. App. 2004).

Second, Defendant's argument is foreclosed by the plain language of § 556.046. In relevant part, this statute states that "[a] defendant may be convicted of an offense included in an offense charged in the indictment or information. An offense is so included when: (1) It is established by proof of the same or less than all the facts required to establish the commission of the offense charged …." § 556.046.1(1). Second-degree arson is a lesser-included offense of first-degree arson. *State v. Letcher*, 772 S.W.2d 795, 798-99 (Mo. App. 1989). Thus, by definition, the State's original information charging Defendant with first-degree arson also charged him with second-degree arson. Accordingly, the second-degree arson charge was pending when Defendant filed his motion for acquittal at the close of all of the evidence. In ruling on that motion, the trial court was obliged to consider both charges in deciding to what extent, if any, the motion should be granted. The trial court did so and effectively granted the motion as to the first-degree arson charge. The court did not err allowing the case to proceed on the second-degree arson charge. *State v. Hills*, 645 S.W.2d 57 (Mo. App. 1982), refutes Defendant's argument that the court's only option was to grant a judgment of acquittal. In *Hills*, the defendant was charged with capital murder. At the close of the state's evidence, the trial court denied the motion for judgment of acquittal. "The court ruled, however, that it would submit the case not on capital murder but only on

6

lesser-included offenses. Defendant's renewed motion at the close of all the evidence was overruled." ***Id***. at 58. The defendant was convicted of second-degree murder. ***Id***. at 57. On appeal, the defendant argued that the trial court's only option was to enter a judgment of acquittal after it decided the state had not made a submissible case on the capital murder charge. The eastern district of this Court rejected that argument for the following reason:

> Defendant next contends that once the trial court found the state's evidence insufficient to submit the case to the jury on capital murder, the court could not properly submit the case on second degree murder and manslaughter. We disagree. Second degree murder is a lesser included offense of capital murder. The trial court was obligated to submit to the jury the highest degree of the charge justified by the evidence. The point is without merit.

***Id***. at 59-60 (citations omitted). We reach the same conclusion here. Once Defendant's motion for judgment of acquittal at the close of all of the evidence as to the first-degree arson charge was granted, the trial court was still required to determine whether the evidence was sufficient to submit the case on the lesser-included offense of second-degree arson. The trial court so ruled, and it committed no error by doing so.

Third, Defendant's argument ignores the plain language of Rule 23.08, which states that "[a]ny information may be amended or an information may be substituted for an indictment at any time before verdict or finding if: (a) No additional or different offense is charged, and (b) A defendant's substantial rights are not thereby prejudiced." Rule 23.08. Here, the State amended its information before the case was submitted to the jury. Because second-degree arson is a lesser-included offense of first-degree arson, no additional or different offense was charged. § 556.046.1(1); ***Letcher***, 772 S.W.2d at 798-99. Furthermore, no prejudice resulted because a defendant is deemed to have notice that he could be convicted of any lesser-included offense of a charged crime for due process

7

purposes. *See State v. Hayes*, 88 S.W.3d 47, 56 n.4 (Mo. App. 2002). Defendant presents no argument suggesting otherwise.

Defendant has failed to persuade us that the trial court committed any error in its rulings on Defendant's motions for judgment of acquittal. Accordingly, Point 1 is denied.

*Point 2*

In Point 2, Defendant challenges the admission of his extrajudicial statements to Lyons. Defendant contends: (1) the State presented insufficient evidence of the *corpus delicti* for arson; and (2) the trial court therefore erred by overruling Defendant's objections to the admission of his extrajudicial statements. The admission or exclusion of evidence at trial is in the trial court's broad discretion and we will only reverse if an abuse of that discretion has occurred. *State v. Chaney*, 967 S.W.2d 47, 55 (Mo. banc 1998).

The *corpus delicti* rule deals with the issue of whether a defendant's confession of guilt may be considered as substantive evidence of guilt. *State v. Culbertson*, 999 S.W.2d 732, 736 (Mo. App. 1999). "Extrajudicial admissions or statements of the defendant are not admissible in the absence of independent proof of the commission of an offense, i.e. the corpus delicti." *State v. Madorie*, 156 S.W.3d 351, 355 (Mo. banc 2005). "[I]t is equally well established that full proof of the corpus delicti independent of the defendant's extrajudicial confessions is not required." *State v. Nicks*, 883 S.W.2d 65, 68 (Mo. App. 1994). "All that is required is evidence of circumstances tending to prove the corpus delicti corresponding with the confession. *Slight corroborating facts* are sufficient to establish the corpus delicti." *State v. Hahn*, 640 S.W.2d 509, 510 (Mo. App. 1982) (citation omitted; emphasis added). "The determination of whether there is sufficient independent evidence of the corpus delicti of an offense is fact specific and requires a case-by-case evaluation." *Madorie*, 156 S.W.3d at 355.

8

As relevant here, "[t]he corpus delicti of arson is a fire of incendiary origin." ***State v. White***, 552 S.W.2d 33, 34 (Mo. App. 1977).[2] Defendant complains that the State's expert witnesses testified that they could not conclude that the fire was of incendiary origin based upon their physical investigations alone. As such, Defendant's argument rests on the presumption that the *corpus delicti* (the incendiary nature of the fire, in this case) must be established wholly independent from the extrajudicial statements at issue. Defendant's presumption is incorrect.

> If there is evidence of corroborating circumstances which tends to prove the crime and corresponds with circumstances related in his confession, both the circumstances and the confession may be considered in determining whether the corpus delicti is sufficiently proved. If a confession is made which enables the state to discover corroborating evidence of the particular crime confessed, the corroborating evidence need not be sufficient, independent of the confession, to establish complete proof that the crime is committed.

***State v. Morro***, 281 S.W. 720, 722 (Mo. 1926); ***State v. Pratte***, 345 S.W.3d 357, 360-61 (Mo. App. 2011).

In this case, Defendant confessed that he started the fire near an electrical box using rubbing alcohol and a torch, which he believed to be untraceable. Several circumstances surrounding the fire, as established by the evidence presented at trial, corresponded with circumstances related in Defendant's confession. *See **Morro***, 281 S.W. at 722. Notably, the state fire marshal testified: (1) that the fire started in a stairwell near an electrical box; and (2) there was no evidence of "spalling," the absence of which is consistent with a fire started with rubbing alcohol. Furthermore, the police discovered a blow torch in Defendant's truck. Defendant's confession (wherein he detailed the means and manner by which he set the fire)

---

[2] Section 569.050.1 RSMo (2000) states that "[a] person commits the crime of arson in the second degree when he knowingly damages a building or inhabitable structure by starting a fire or causing an explosion." ***Id***.

9

was supported by these "[s]light corroborating facts[.]" **Hahn**, 640 S.W.2d at 510. As such, the *corpus delicti* was established and his confession was admissible. *See* **Pratte**, 345 S.W.3d at 361. The trial court did not abuse its discretion in admitting Defendant's extrajudicial statements.[3] Point 2 is denied.

*Point 3*

In Point 3, Defendant contends that the trial court abused its discretion in allowing Lyons to recount certain portions of Defendant's recorded statements during her testimony. This point arises out of the following events at trial.

Defendant's conversation with Lyons was admitted at trial as Exhibit 49. Before that exhibit's admission, the prosecutor questioned Lyons about the facts and circumstances surrounding the recording. When the prosecutor asked Lyons to recount what Defendant had told her about the fire, defense counsel made the following objection:

> Judge, this is bolstering, it is not the best evidence. I mean, they are either going to use the tape or they're not going to use the tape. If they're going to use the tape, then it's the best evidence of what was said on the tape, and for her to repeat what was on the tape is sheer bolstering.

The trial court overruled defense counsel's objection but noted that the objection would be continuing. The prosecutor then proceeded to elicit the following testimony from Lyons, which recounted parts of Lyons' conversation with Defendant as contained in Exhibit 49:

> Q. Okay. I think what I had asked you was did – after you had expressed your concerns – I think I had asked you if he did make any statements then and you said yes. What did he tell you about what had happened when the fire was started?

---

[3] In the argument portion of his brief, Defendant claims that the trial court, in overruling Defendant's *corpus delicti* objection, considered evidence presented at a pretrial hearing and erred in doing so. This argument fails because there was sufficient evidence presented at trial to establish the *corpus delicti* for arson irrespective of what was offered at the pretrial hearing.

A. He told me that I needed not to worry, that his fingerprints were already in the Bolivar Insulation because he was an employee, and that the chemicals that were used were not traceable, that you could not trace rubbing alcohol and a torch.

Q. As the evening progressed was there any discussions or any statements about why he did it?

A. Yes. As I previously stated, he did not have the proper equipment to work with, where it was physically making him sick, and people around him were getting promoted when he had more seniority, and he told me that he would just – they would close the shop down, you know, that [the owner of Bolivar Insulation] would collect his insurance money, close the shop down, he would collect unemployment, and that he just had – he hated his job that much, that he burned it down.

Q. Was he satisfied with just burning the building down?

A. No.

Q. And why do you say that?

A. Because he realized that he was still having to go into work off of the parking lot and stated to me that he would blow the engines on the other trucks that were not damaged in the fire. One did not have park (sic) and the other he said that he would just blow the transmission out.

Later in the trial, Defendant testified in his defense. He denied that he started the fire. According to Defendant, he made those statements to Lyons because he wanted her and her children to move out. In pertinent part, Defendant testified on direct as follows:

Q. Okay. Now, what happened the next day then? And we would be then talking about Monday morning.

A. I'd had a lot of her. I was very tired of all this going on and on and all her comments she had made Sunday night and she made – she made comments how scared she was, the kids are, and what happened, so Monday morning I – thought about it all night and Monday morning I decided to tell her that – led her to believe, tell her I did it, and I was hoping that she was scared enough from what she was talking about that maybe by Monday night when I'd come home she'd be gone and take the kids and leave.

Q. So was it your whole intention in telling her that was to get her out of your home?

11

A.     Yes, yes.

As noted in our analysis of Point 2, *supra*, we review a trial court's admission of evidence for an abuse of discretion. **Chaney**, 967 S.W.2d at 55. We further note that we review "for prejudice, not mere error, and will reverse only if the error was so prejudicial that it deprived the defendant of a fair trial." **State v. Middleton**, 995 S.W.2d 443, 452 (Mo. banc 1999). Trial court error is not prejudicial unless there is a reasonable probability that the trial court's error affected the outcome of the trial. **State v. Barriner**, 111 S.W.3d 396, 400-01 (Mo. banc 2003).

Defendant argues that the admission of Lyons' testimony *in addition to* Exhibit 49: (1) violated the best evidence rule; and (2) constituted improper bolstering.[4] This alleged error was prejudicial, Defendant argues, because of the significance of his extrajudicial statements. Defendant's argument is without merit.

"[T]he best evidence rule applies only when the evidence is offered to prove the terms or contents of a writing or recording." **Cooley v. Dir. of Revenue**, 896 S.W.2d 468, 470 (Mo. banc 1995). As Defendant acknowledges, however, the best evidence rule does not exclude evidence based on personal knowledge. **Id**.; **State v. Teague**, 64 S.W.3d 917, 922 (Mo. App. 2002). Here, Lyons was present when Defendant made his statements and she testified about those statements from memory. Thus, Lyons' testimony is primary

---

[4] Defendant also contends in his point relied on that the evidence was "impermissibly cumulative" and "improper hearsay" – theories not included in Defendant's objection below. "A point on appeal must be based upon the theory voiced in the objection at trial and a defendant cannot expand or change on appeal the objection as made." **State v. Cannady**, 660 S.W.2d 33, 37 (Mo. App. 1983). Accordingly, those objections are not preserved for appellate review and will not be addressed.

12

evidence and the best evidence rule has no applicability. Defendant's first argument therefore fails.

Defendant's second argument is that Lyons' testimony constituted improper bolstering. Improper bolstering "occurs when the out of court statement of a witness is offered solely to be duplicative or corroborative of trial testimony." *State v. Biggs*, 333 S.W.3d 472, 479 (Mo. banc 2011). The out-of-court statements challenged here were not those of Lyons (the testifying witness). Instead, they were non-testimonial, incriminating statements by Defendant to Lyons of which she had first-hand knowledge. Defendant cites no cases suggesting the rule against improper bolstering has any applicability on these facts.[5] Moreover, we discern no prejudice from the introduction of Defendant's statements in multiple forms. During Defendant's direct examination, he testified about telling Lyons that he started the fire. Evidence is not considered prejudicial when similar evidence is properly admitted elsewhere in the case or has otherwise come into evidence without objection. *State v. Bucklew*, 973 S.W.2d 83, 93 (Mo. banc 1998). Defendant's second argument lacks merit, and Point 3 is denied.

The judgment of the trial court is affirmed.


JEFFREY W. BATES, J. – OPINION AUTHOR

DANIEL E. SCOTT, P.J. – CONCUR

MARY W. SHEFFIELD, C.J. – CONCUR

---

[5] The only case Defendant cites where the judgment of the trial court was reversed due to improper bolstering is *State v. Seever*, 733 S.W.2d 438 (Mo. banc 1987). Unlike the instant case, however, *Seever* involved the admission of a videotaped prior statement *by the victim*, which was then followed by the victim's trial testimony that reiterated the same subject matter. *See id*. at 441.